RECEIVED
IN ALEXANDRIA, LA

FEB - 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD BLACK<br>LA. DOC #121276<br>VS. | CIVIL ACTION NO. 09-1966<br>SECTION P<br>JUDGE DRELL |
| WARDEN TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Black, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 23, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana and he complains of the delays in providing prescription medication for the treatment of glaucoma. Plaintiff has sued WCC Warden Tim Wilkerson, Dr. Alfonso Pacheco, and Pat Thomas, the Medical Director at WCC. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

### *Background*

Plaintiff is an LDOC inmate confined at the WCC. He has been diagnosed with glaucoma.[1] On August 7, 2009 he was examined by Dr. Wardell who prescribed Xalaton[2] eye drops. According to plaintiff, despite the fact that he submitted 5 inmate request forms and made numerous trips to the infirmary, he did not receive the medication until August 25, 2009.

Thereafter, on November 2, 2009 plaintiff was prescribed Timolol[3] eye drops by a physician at the LSU Medical Center. However, he did not receive the eye drops until one week later.

On August 26, 2009 plaintiff submitted a First Step Grievance in which he complained of the delay in receiving the Xalaton eye drops. On September 23, 2009 his grievance was rejected as follows:

---

[1] Glaucoma refers to a group of eye conditions that lead to damage to the optic nerve, the nerve that carries visual information from the eye to the brain. In many cases, damage to the optic nerve is due to increased pressure in the eye, also known as intraocular pressure (IOP). The goal of treatment is to reduce eye pressure. Depending on the type of glaucoma, this is done using medications or surgery. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health – Encyclopedia at http://www.nlm.nih.gov/medlineplus/encyclopedia.html

[2] Xalaton® or latanoprost is a topical eye medication used to reduce pressure inside the eye. It is used to treat eye conditions, including glaucoma and ocular hypertension, in which increased pressure can lead to a gradual loss of vision. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health, Drugs and Supplements, http://www.nlm.nih.gov/medlineplus/druginformation.html

[3] Timolol is also a topical medication (drops or gel) used to treat glaucoma by decreasing the pressure in the eye. See Medline Plus, A Service of the U.S. National Library of Medicine and the National Institutes of Health, Drugs and Supplements, http://www.nlm.nih.gov/medlineplus/druginformation.html

> I have received and reviewed your complaint. A summary was provided by the medical department which state that you were prescribed eye drops 'Xalaton' on 8-7-09 by Dr. Pete Wardell. The prescription was faxed to the pharmacy on 8-7-09. For unknown reasons, the prescription did not come in from the pharmacy in the usual timely manner. The medication was KOP'd to you on 8/25/09. The eye doctor did not prescribe you tinted glasses.
>
> You have and will continue to receive appropriate medical care by licensed trained staff. No further intervention is needed at this time. [rec. doc. 1, p. 5]

Plaintiff rejected that response and is in the process of appealing the grievance to the Secretary of the LDOC. [*Id.*, see also doc. 1, ¶II(B)(3)]

While his second step grievance was pending, plaintiff filed the instant complaint on November 23, 2009. Plaintiff prayed for an order directing that he get his eye drops on time; an unspecified amount of monetary damages for pain and suffering and loss of use; and an order prohibiting retaliation.

### Law and Analysis

#### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2).  <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. <u>Wilson v. Barrientos</u>, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. <u>Schultea v. Wood</u>, 47

4

F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

Plaintiff has pleaded the facts necessary to resolve this matter on initial review. Further amendment is unnecessary.

### 2. *Delayed Medical Treatment*

Plaintiff does not claim that he was denied appropriate medical treatment for his glaucoma; rather, he claims only that he has experienced delays in obtaining his medication.

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the offending prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of

facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. Deliberate indifference has been equated with "subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); Reeves v. Collins, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999). "[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any

serious medical needs.'" <u>Domino v. Tex. Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir.2001) (citing <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir .1985)). Disagreement with diagnosis and treatment can never support a claim of deliberate indifference. <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir.1995); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir.1991).

Plaintiff's complaints were not ignored; he was not intentionally treated incorrectly. Indeed, the pleadings and exhibits establish that plaintiff's glaucoma is being treated by Dr. Wardell and by some unnamed physician at the LSU Medical Center. Plaintiff apparently has no complaints regarding the treatment he is receiving from these physicians. Instead, he complains of an 18 day delay in receiving his prescription for Xalaton® and a one week delay in receiving his prescription for Timolol.

In <u>Woodall v. Foti</u>, 648 F.2d. 268, 272 (5th Cir.1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. See <u>Mayweather v. Foti</u>, 958 F.2d. 91 (5th Cir.1992); <u>Woodall</u>, *supra*.

Further, delay in providing medical care to a prisoner rises to a violation of the Eighth Amendment only if there is <u>deliberate indifference</u> which results in <u>substantial harm</u>. <u>Mendoza v. Lynaugh</u>, 989 F.2d. 191, 195 (5th Cir.1993); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir.1993); <u>Citrano v. Allen Correctional Center</u>, 891 F.Supp. 312 (W.D.La.1995); <u>Shapley v. Nevada Board of State Prison Commissioners</u>, 766 F.2d 404, 407 (9th Cir.1985)(delay in medical treatment must cause substantial harm in order to violate the constitution); 849 F.2d 863, 871 (4th Cir.1988)(14 hour delay in medical treatment did not violate the 8th Amendment when the injuries required no stitches and no pain killers).

Here, there is no reason to believe that the defendants purposefully delayed providing the prescribed medications. Indeed, the response to plaintiff's grievance suggests that the Xalaton® prescription was faxed to the pharmacy on the same date that Dr. Wardell wrote the prescription. The reasons for the 18 day delay in obtaining the medication were unknown. Further, the 7 day delay in obtaining Timolol should not be considered excessive.

In any event, plaintiff has not alleged that these moderate delays were either purposeful or that they resulted in substantial harm.

Finally, plaintiff has named only three defendants - Warden

8

Wilkerson, Dr. Pacheco, and Medical Director Thomas. With regard to these defendants, plaintiff has alleged no fault whatsoever and, based on the pleadings and exhibits, it is inconceivable that these defendants were indifferent to plaintiff's plight.

### 3. Conclusion and Recommendation

Plaintiff has not shown that the defendants – Wilkerson, Pacheco, or Thomas – or anyone else, were deliberately indifferent to his serious medical needs. He experienced moderate delays in obtaining his medication. Finally, he has not shown that he suffered substantial harm as a result of the delays.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE